MARTIN LUTHER KING, JR FEDERAL BUILDING
AND THE UNITED STATES COURTHOUSE
50 WALNUT STREET
P. O. Box 999
NEWARK N.J. 07101

RECEIVED
DEC 18 2003
AT 8:30 M
WILLIAM T. WALSH

GEORGE ALLEN WARD, Plaintiff *
v. * Civil Action No.: 03-6113(SRC)
ARM & HAMMER and the CHURCH & DWIGHT CO. INC. *

A CIVIL SUIT FOR THE SUM OF $350,000,000.00, AND ($75 MILLION) FOR THE FAILURE AND FAILING OF WARNING THAT IF THEIR PRODUCT IS USED WITH ILLEGAL DRUGS ONE WILL BE SUBJECT TO PENALTY UNDER THE LAWS OF THE UNITED STATES OF AMERICA

---

Comes Now, GEORGE ALLEN WARD, Plaintiff, a prisoner at Petersburg Low Federal Institution in Virginia, to this Honorable Court requesting review of this stated claim and suit. First and foremost the plaintiff is Pro-Se, so far, and requests that this civil suit is viewed under the liberal construance doctrine. See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 97, 50 L.Ed.2d. 251, 97 S.Ct. 285; Conley v. Gibson, 355 U.S. 4158 S.Ct. 99 (1957); Soto v. Walker, 441 F.3d 169 n. 7. Also, allegations in a Pro-Se petition must be taken as true and construed in favor of the petitioner, Malone v. Colyer, 710 F.2d 258, 260 (1983); Frey v. Schuetzle, 78 F.3d 359 (1996) Pro-Se petitions must be given liberal construction, and the petitioner is "NOT" required to identify specific legal theories or offer any case citations in order to be entitled to relief.

CLAIM

George Allen Ward, the Plaintiff and prisoner at the above stated Federal Institution states as a matter of fact that on March 7, 1995, he was subjected to a 200 month sentence for the distribution of "Crack Cocaine", in the Eastern District of Virginia, Newport News Division, and sentenced in the Federal Court of Norfolk, Virginia.

Therefore that is what brings the attention to this civil suit against ARM & HAMMER, "Baking Soda", COMPANY, the plaintiff claim, is that this company has been allowed to procrastinate, on warning on the box. The Plaintiff claims that under the consumer protection requirements any product that may subject one to harm or danger one must be forewarned and this has "not" been met.

The Plaintiff will go on to say that a great and primary concern is how the Food and Drug Administration and Congress has allowed this to continue for so long. The troubling question is that the Federal Government have insured, that a company like ARM & HAMMER, which manufactures baking soda which is the "primary ingredient", along with cocaine hydrochloride in manufacturing crack and producing crack, is not penalized under the paraphernalia laws.

This is solely because baking soda is not a product that its primary designed, is intended for the production for illegal drug use or distribution. The Plaintiff states and argues that the Food and Drug Administration (FDA) when the Cosmetic Food and Drug Act of 1984 and all of its comprehensive studies were done the FDA must have observed that baking soda needed to have a warning on it to let the people of the United States know of the danger that one is subjecting oneself to by using this product with illegal drugs. However, they didn't, still this company is libel and the Plaintiff would like for Your Honor to see this, this way and order this company to reward the Plaintiff for not doing so due to pain and suffering, mental strain and punishment by the government of the United States of America.

Therefore with all the media attention that came along with the sentencing guideline changes by the Sentencing Commission in 1993, when the 487 Amendment was enacted the only primary substance they mention was Sodium Bicarbonate and that is printed in every Guideline Manual when it comes to cocaine base, crack cocaine. And even though this is a legal product sold over the counter and is not made primary for using with illegal drugs still this company knows that it is, and they're not doing anything to warn the Plaintiff, and the Plaintiff states regardless what they think the time has come for this company to come to terms for what they have done, they should have an obligation now by law to make whats on the boxes now become obsolete, and made to rightfully warn, of the danger - the use of their product with illegal drugs poses by law.

The Plaintiff would like to make it clear to this Honorable Judge that he is aware that baking soda is used for several miscellaneous things such as medicines, fire extinguishers, toothpaste, washing powder, etc., that is well known. The Plaintiff argues that still won't "cure the fact" that for a long time now this company, ARM & HAMMER, DIVISION OF CHURCH & DWIGHT CO., INC. the manufacturers of this product and corporation have committed a serious case of gross "CONSUMERISM" by not providing an honest labeling, warning Plaintiff and the public with a drug prevention.

Let's analyze some seriously important questions: (1) Does Your Honor think that this company is "not" aware that their product is being used manufacture cocaine base (crack), a dangerous and illegal rural and inner city street drug? (2) Does Your Honor think that this company is not aware of the financial gain and sales figures since the "crack cocaine" epidemic? (3) Does Your Honor think that the members of their administration in designing, labeling, and pricing, etc., is not aware and have not been informed as to the harsh penalty and seriousness and trouble that this product pose to society when a person buys this baking soda legally over the counter shelf and mix this, or is it just fine and dandy, the Plaintiff feels otherwise and argues that this court see it this way too. (4) The Plaintiff would like to present a hopeful deciding question honestly and credible to Your Honor and this court today, even though this company, ARM & HAMMER DIVISION OF CHURCH & DWIGHT CO., INC. (Princeton, New Jersey) have been producing this product for like nearly a century and we know! Also, of its multitude of purposes and its use and it is not made primary for making "cocaine base crack cocaine" there can be no doubt that this product don't pose a public safety factor.

I feel as if I was forewarned by this company that I'd never used this product like I was charged with, I the Plaintiff knows that this company is aware of what they have been getting away with, there is "no" Grandfather Clause to this, times have changed the things that people are doing have changed, so with all the trouble and danger and chance of sudden death, that can come from mixing baking soda with cocaine powder, why haven't they warned the people? (5) Does Your Honor feel that this civil law suit for failing to warn would be difficult to prove if this was to end up in a full scale trial? This stuff has a potent effect on the mind, body, heart and the very fiber of one's soul, too. The Plaintiff knows that the Honorable Judge cannot answer

that question it was asked only to justify this civil claim.

The Plaintiff argues and claims that the likelihood of success at trial is not moot and the Plaintiff argues that this civil suit is "not" frivolous. This suit is long, long overdue. The Plaintiff contends there is no shenanigans to this suit, this company will have to start labeling a warning on their product due to the strength of this suit, and the Plaintiff hopes that this civil law suit will bring national recognition to bring changes on the warnings on the boxes of ARM & HAMMER BAKING SODA, the Plaintiff and the public are entitled to know.

The Plaintiff claims that the company alleged in this civil suit cannot say that their company doesn't have the knowledge of the illegal use of their product for what is alleged in this claim. To continue to allow this product not to warn exposes one to serious problems with the laws of the United States, by letting them think that by making the "harmful" street and now very much rural, and inner city drug. The Plaintiff claims that this has effected him and his life, it should be said and told that this company is libel, and its intelligent to say that warning is "necessary" by the alleged company. They are not applying sound business principles and to not acknowledge this at this day and age in time in the United States to further subjecting, anyone who uses this product in that manner to danger, as of now the only warnings on the boxes are as listed below.

WARNING ON BOXES OF ARM & HAMMER BAKING SODA TO DATE:

Except under the advice and supervision of a physician

(1) do not administer to children under 5 years of age.

(2) do not take more than eight ½ teaspoons per person 60 years or older in a 24-hour period.

(3) do not use this product if you are on a sodium restricted diet.

(4) do not use the maximum dose for more than 2 weeks.

(5) do not ingest food, liquid or any antacid when stomach is overly full to avoid possible injury to the stomach.

Contents: Sodium Bicarbonate U.S.P.

Lets just say that once this company became aware of the danger and the fact that their product was the essential primary component being used to manufacture the dangerous drug "crack cocaine" if they had added an additional warning to and on the boxes of baking soda to positively forbid using their product for that purpose and the danger one is subjected to, falls no shorter than "death". The Plaintiff claims that just adding a notice and warning as little as:

(6) the use of this product with illegal drugs is punishable by law and is prohibited.

OR

(6) the use of this product with illegal drugs is punishable by enhanced penalties by the laws of the United States of America.

Something clearly should be stated as a warning in that nature that would be fair and sufficient had it been done, but it has not been done, there is no safeguards by this company on their boxes, no commercials on television, nothing! Therefore, the Plaintiff claim and civil suit should withstand because this product can kill!! The Plaintiff has a right to be warned this is a clear and colorable violation of (Caveat Emptor).

The Plaintiff argues that this is clear and the strength of this law suit is significant. He also claims that his life has "suffered" and his "mental and "psychological" state of mind have suffered pain and he has lost years off his life that cannot be recovered as a result of the above alleged claim.

This would have never happened if this company had moved with the times. In closing, the Plaintiff states that due to the above civil law suit claim is for the lump sum of $425 million dollars ( four hundred and twenty five million dollars) against ARM & HAMMER, BAKING SODA, A DIVISION OF CHURCH & DWIGHT CO., INC. 469 NORTH HARRISON ST., PRINCETON, N.J. 08543-5297. The Plaintiff prays that the Honorable Judge and court view this claim as a novelty civil law suit that warrants review. Only if the Plaintiff had been warned it is only fair due to the harm that has come from being not forewarned and the risk and danger factor of sudden death that can occur, therefore each and every box that is sold should let the Plaintiff and public know of the danger of mixing this product poses when mixed with illegal drugs. Therefore, the Plaintiff prays that Your Honor rules in his favor and order the libel company to settle, in this case it is ARM & HAMMER, DIVISION OF CHURCH & DWIGHT, CO. INC. 469 NORTH HARRISON ST., PRINCETON, N.J. 08543-5297.

Respectfully submitted,

George Allen Ward #26417-083

George Allen Ward #26417-083
Petersburg Low Federal Institution
P.O. Box 1000
Petersburg, Virginia 23804-1000
Delaware Hall

Sworn to and subscribed before me, in my presence
this 8 day of DECEMBER, 2003. A Virginia
Notary Public. In and for PRINCE GEORGE County/City
Yolanda C. Vazquez Notary Public

MY COMMISSION EXPIRES 3-31-05

CERTIFICATE OF SERVICE

I swear that a certified copy of this civil law suit has been sent to the CONSUMER RELATIONS DEPT., ARM & HAMMER DIVISION OF CHURCH & DWIGHT CO., INC. 469 NORTH HARRISON ST., PRINCETON, N.J. 08543-5297 on this 8 day of December 2003.

NOTARY