**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GEORGE ALLEN WARD, *Pro Se*,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**ARM & HAMMER and the CHURCH & DWIGHT CO., INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO. 03-6113(SRC)** |

# DEFENDANT CHURCH & DWIGHT CO., INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

**MORGAN, LEWIS & BOCKIUS LLP**
**(A Pennsylvania Limited Liability Partnership)**
**502 Carnegie Center**
**Princeton, New Jersey 08540**
**609-919-6600**
**Robert A. White (RW 6063)**

**Attorneys for Defendant**
**Church & Dwight Co., Inc.**

**TABLE OF CONTENTS**

I. INTRODUCTION ……………………………………………………………………1

II. FACTS ……………………………………………………………………………...1

III. MOTION TO DISMISS STANDARD ……………………………………………….2

IV. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE A MANUFACTURER HAS NO DUTY TO WARN OF THE CONSEQUENCES OF CRIMINAL MISUSE OF THE PRODUCT …………………………………………..2

V. ON THE FACE OF THE COMPLAINT, PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS …………………………………………….6

VI. CONCLUSION ………………………………………………………………………..6

## TABLE OF AUTHORITIES

### CASES

Alexander v. Whitman, 114 F.3d 1392, 1397 (3d Cir. 1997) ………………………………….2

Derienzo v. Harvard Industries, Inc., 357 F.3d 348 (3d Cir. 2004) ……………………………6

Hinkle v. Railway Express Agency, 6 So.2d 417 (Ala. 1942) ………………………………….5

Port Authority of New York and New Jersey v. Arcadian Corp., 189 F.3d 305, 309 (3d Cir. 1999) ……………………………………………………………………..………2-5

Oden v. Pepsi Cola Bottling Co. of Decatur, Inc., 621 So.2d 953 (Ala. 1993) …………………5

Oquendo v. Bettcher Indus., Inc., 939 F. Supp. 357, 363 (D.N.J. 1996) ………………………...3

State v. DeMeo, 20 N.J. 1, 9 (1955) ……………………………………………………...……2

### FEDERAL COURT RULES

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………….……..2

### STATE STATUTES

N.J.S.A. 2A: 14-2 ……………………………………………………………………………6

## I. INTRODUCTION

This products liability action advances an entirely meritless position: the manufacturer of a benign product –baking soda– should warn criminals about the legal consequences of the product's criminal misuse. Plaintiff's complaint fails as a matter of law. First, a manufacturer owes no such duty to plaintiff. Second, on the face of the complaint, the statute of limitations bars plaintiff's claims. For these reasons, we conclude that this case should be dismissed with prejudice.

## II. FACTS

Plaintiff George Allen Ward ("Ward") alleges that he is serving a 200-month sentence for distribution of crack cocaine. Ward filed this products liability action against defendant Church & Dwight Co., Inc. ("Church & Dwight"), the manufacturer of ARM & HAMMER® baking soda. Plaintiff asserts that Church & Dwight failed to include a warning on the package regarding the consequences of criminally misusing baking soda along with cocaine to manufacture crack cocaine. Plaintiff's Complaint at 1.

Specifically, plaintiff insists that Church & Dwight should have placed one of two warnings on its baking soda boxes: "the use of this product with illegal drugs is punishable by law and is prohibited . . ." or "the use of this product with illegal drugs is punishable by enhanced penalties by the laws of the United States of America." Id. at 3. Plaintiff asserts that "I feel as if I was forewarned by this company that I'd never used this product like I was charged with . . . ." Id. at 2.

## III. MOTION TO DISMISS STANDARD

This Court should dismiss plaintiff's complaint with prejudice. Under Fed. R. Civ. P. 12(b)(6), the court "must determine if plaintiff may be entitled to relief under any reasonable reading of the pleadings, assuming the truth of all the factual allegations in the complaint." Alexander v. Whitman, 114 F.3d 1392, 1397 (3d Cir. 1997). As explained below, plaintiff is not entitled to relief under any reasonable reading of the pleadings.

## IV. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE A MANUFACTURER HAS NO DUTY TO WARN OF THE CONSEQUENCES OF THE CRIMINAL MISUSE OF THE PRODUCT

Plaintiff's complaint does not and cannot assert that plaintiff was unaware that distribution of crack was unlawful or that ingestion of crack was not harmful. Indeed, under applicable law, citizens are charged with knowledge of the law, including the criminal laws. See, e.g., State v. DeMeo, 20 N.J. 1, 9 (1955). It follows that Church & Dwight had no duty to warn plaintiff of that which the law already charged him with knowing.

However, even assuming that plaintiff could assert such facially invalid assertions, the law does not require a manufacturer to warn of the consequences flowing from the criminal misuse of a product. For example, in Port Authority of New York and New Jersey v. Arcadian Corp., 189 F.3d 305, 309 (3d Cir. 1999), the owner of New York City's World Trade Center filed a products liability and negligence lawsuit against the defendant manufacturers whose fertilizer products were used by terrorists to make a bomb that detonated beneath the World Trade Center in 1993. The terrorists combined the defendants' fertilizer with other items to create a bomb, which caused six deaths, injuries, and property damage. Id. at 308-309. The building owner argued that the defendant manufacturers knew or should have known that their fertilizer could easily be made into explosives and that terrorists had previously used the

fertilizer for this purpose. Id. at 309. The plaintiff owner asserted, among other things, that the defendant manufacturers failed to warn fertilizer distributors, wholesalers, retailers, and other suppliers (i.e., middlemen) not to sell the fertilizer without first confirming that the potential purchaser had a lawful reason to use the fertilizer. Id. at 310.

The District Court granted the defendant manufacturers' motion to dismiss, and the Third Circuit affirmed, holding that the defendant manufacturers "have no duty to prevent a criminal misuse of their products which is entirely foreign to the purpose for which it was intended." Id. at 311. The Court first reasoned that under New Jersey law the question of whether there is a duty owed to a plaintiff is a question of law for the court. Id. at 312. The Court of Appeals rejected the plaintiff owner's contention that the use of fertilizer in a bomb was an "objectively foreseeable" misuse or alteration. Id. at 314. Instead, the Court determined that the use of fertilizer in a bomb was not "objectively foreseeable" because manufacturers cannot reasonably be required to anticipate individual instances of criminal misuse. Id. at 315. Addressing the plaintiff owner's argument that fertilizer had been used previously in bombs, the Court stated that knowledge of such former events "'tends to show only subjective foreseeability, and . . . subjective foreseeability is irrelevant to the [objective] foreseeability determination.'" Id. at 315 (quoting Oquendo v. Bettcher Indus., Inc., 939 F. Supp. 357, 363 (D.N.J. 1996)).

The Third Circuit also rejected the plaintiff's argument that the issue of objective foreseeability was a matter for the jury to determine and found that the District Court's conclusion is consistent with the refusal of the New Jersey Supreme Court to impose a duty in cases involving outrageous misuses of a product wholly unrelated to its intended purpose . . . ." Id. at 315.

The Court also ruled that to impose a duty to anticipate and prevent the use of their fertilizer products as a component part of a terrorist's explosive device "would be grossly unfair." Id. at 316 ("'Ultimately, the determination of the existence of a duty is a question of fairness and public policy.'").

Here, plaintiff does not even allege that he used Church & Dwight's baking soda in plaintiff's manufacture of crack cocaine. Setting aside this fatal product-identification flaw, plaintiff's claim must fail because Church & Dwight did not owe plaintiff a duty to warn of the potential criminal misuses of Church & Dwight's baking soda. Even plaintiff concedes that the use of Church & Dwight's baking soda in the criminal endeavor of creating crack cocaine is "entirely foreign to the purpose for which it was intended." Id. at 311; see Plaintiff's Complaint at 2 ("This is solely because baking soda is not a product that its primary designed [sic], is intended for the production for illegal drug use or distribution."; "The Plaintiff would like to make it clear to this Honorable Judge that he is aware that baking soda is used for several miscellaneous things such as medicines, fire extinguishers, toothpaste, washing powder, etc., that is well known.").

Just as the Third Circuit rejected the plaintiff World Trade Center owner's contention that the fertilizer manufacturers had a duty to warn of the criminal misuse of fertilizer, Port Authority, 189 F.3d at 314, this Court should hold that Church & Dwight had no duty to warn plaintiff of the consequences of using baking soda to manufacture crack cocaine. Under Port Authority, even if Church & Dwight knew that its baking soda was used in the creation of crack cocaine, knowledge of such events "tends to show only subjective foreseeability," which is irrelevant to objective foreseeability. Id. at 315.

The theory of liability urged in plaintiff's complaint is even more clearly foundationless than that put forth in Port Authority. In Port Authority, an innocent victim filed suit against the defendant manufacturers based on the use of the products by third-party terrorists. The terrorists who bombed the World Trade Center in 1993 did not bring a products liability claim against the defendant manufacturers. Furthermore, the World Trade Center owners did not press on appeal any claim based on the manufacturer's failure to warn the terrorists that inclusion of the fertilizer product in a bomb could make one liable for the crime. Although the Third Circuit did not discuss such a claim, the District Court strongly and tersely criticized any legal theory upon which a duty to the terrorists would have been predicated. Specifically, the District Court ruled that the plaintiff owner did not seek to hold the defendant manufacturers liable

> [F]or failing to warn properly the users of the fertilizer, i.e., the terrorists, of the dangers associated with the fertilizer products. Plaintiff is wise to disavow reliance on such a theory. It seems beyond dispute that the terrorists were fully aware of the potential dangers associated with [the defendants manufacturers'] products. To require [the defendants manufacturers] to warn of a danger of which the users of the product were already aware would be pointless.

Port Authority of New York and New Jersey v. Arcadian Corp., 991 F. Supp. 390, 408 (D.N.J. 1997); see also Oden v. Pepsi Cola Bottling Co. of Decatur, Inc., 621 So.2d 953 (Ala. 1993) (plaintiff barred from seeking damages based on injuries directly resulting from knowing and intentional participation in crime involving moral turpitude); Hinkle v. Railway Express Agency, 6 So.2d 417 (Ala. 1942) (plaintiff cannot maintain a cause of action where it relies on, in whole or in part, an illegal or immoral act to which plaintiff is party).

As the criminal wrongdoer, himself, plaintiff cannot be heard to complain of Church & Dwight's alleged failure to warn of the consequences of unlawfully using Church & Dwight's benign product to manufacture crack cocaine.

**V. ON THE FACE OF THE COMPLAINT, PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff pleads that he was sentenced in March of 1995 for the distribution of crack cocaine. Regardless of whether plaintiff defines his injury as his time in jail or his physical injury from taking the crack cocaine , those injuries – as well as plaintiff's knowledge of those injuries – occurred over nine years ago. Plaintiff's Complaint at 1. Whether the damage is the sentence or the taking of the drug, the alleged damage occurred at the latest over nine years ago. The statute of limitations on a personal injury products liability claim is two years. N.J.S.A. 2A: 14-2, see also, Derienzo v. Harvard Industries, Inc., 357 F.3d 348 (3d Cir. 2004). The statute of limitations, therefore, bars plaintiff's action.

**V. CONCLUSION**

For the reasons set forth above, defendant Church & Dwight Co., Inc. respectfully requests that this Court dismiss with prejudice plaintiff's complaint.

MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendant Church & Dwight Co., Inc.

Dated: July 30, 2004 By: /s/ Robert A. White