**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GEORGE ALLEN WARD, *pro se*,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ARM & HAMMER and the CHURCH & DWIGHT CO., INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO. 03-6113 (SRC)** |

**DEFENDANT CHURCH & DWIGHT CO., INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS WITH PREJUDICE PLAINTIFF'S COMPLAINT**

**MORGAN, LEWIS & BOCKIUS LLP**
**(A Pennsylvania Limited Liability Partnership)**
**502 Carnegie Center**
**Princeton, New Jersey 08540**
**609.919.6600**
**Robert A. White (RW 6063)**

**Attorneys for defendant**
**Church & Dwight Co., Inc.**

**TABLE OF CONTENTS**


Table Of Authorities ........ ii

I. Introduction ........ 1

II. A Criminal Cannot Recover Against A Manufacturer For Using The Manufacturer's Product For A Criminal Purpose ........ 1

III. The Statute Of Limitations Is Not Tolled ........ 4

IV. Conclusion ........ 5

## TABLE OF AUTHORITIES

### CASES

Dodson v. GMC, 1997 Miss. App. LEXIS 969 (Miss. Ct. App. Aug. 12, 1997)............................3

Gaines-Tabb v. ICI Explosives, USA, 160 F.3d 613 (10th Cir. 1998)...........................................2

Hamilton v. Beretta U.S.A. Corp., 264 F.3d 21, 26 (2d Cir. 2001)................................................2

McCarthy v. Olin Corp., 119 F.3d 148, 151 (2d Cir. 1997)..........................................................2

Port Authority of New York and New Jersey a. Arcadian Corp., 189 F.3d 305, 315 (3d Cir. 1999)........................................................................................................ 2-3

Posters 'N' Things v. United States, 511 U.S. 513 (1994)............................................................3

Robinson v. Boston Hous. Auth., 10 Mass. L. Rep. 427 (Mass. Super. Ct. Aug. 9, 1999).............3

### STATUTES

21 U.S.C.S. §857........................................................................................................................3

## I. INTRODUCTION

Plaintiff George Allen Ward, who was convicted of distributing crack cocaine, claims he should recover damages from defendant Church & Dwight Co., Inc. ("C&D") because it did not warn him that using baking soda and cocaine to manufacture crack cocaine is a crime. Never has a criminal recovered against a manufacturer where the criminal used the manufacturer's lawful product to commit a crime. Indeed, even in those instance where a criminal has used a manufacturer's product to commit a crime that harmed an innocent third party, the innocent third party has failed to recover against the manufacturer.

Rather than address this dispositive point, plaintiff attempts to confuse the issue by arguing that it was "foreseeable" to C&D that drug dealers were using baking soda to manufacture crack cocaine. Although plaintiff's foreseeability argument is flawed, it is irrelevant to whether plaintiff can recover. Finally, plaintiff fails to set forth any valid basis upon which to toll the statute of limitations, which bars plaintiff's claims on their face. For the reasons that follow, plaintiff's complaint must be dismissed as a matter of law.

## II. A CRIMINAL CANNOT RECOVER AGAINST A MANUFACTURER FOR USING THE MANUFACTURER'S PRODUCT FOR A CRIMINAL PURPOSE

To C&D's knowledge, no court has <u>ever</u> permitted a criminal to recover against a manufacturer for failing to warn of the criminal penalties that would result from the commission of a crime where the criminal has used the manufacturer's lawful product in that crime. Indeed, plaintiff's legal position is so ludicrous that there has never been a published case in which a litigant was insolent enough to advance such a position.

Plaintiff is charged by law with knowing that distributing crack cocaine is unlawful and be cannot recover damages because he was not reminded of that fact by C&D.

There are a handful of published cases in which innocent third parties harmed by a manufacturer's product used by a criminal in the commission of a crime have brought products liability actions against the manufacturer. Even in these cases, which present significantly more sympathetic facts than plaintiff's circumstance, the courts have denied the innocent third parties any recovery against the product manufacturers. See, e.g., Port Authority of New York and New Jersey v. Arcadian Corp., 189 F.3d 305, 315 (3d Cir. 1999) (holding that World Trade Center owners could not recover against fertilizer manufacturers where terrorists used fertilizer to create explosives that damaged World Trade Center and injured people) ; see also Hamilton v. Beretta U.S.A. Corp., 264 F.3d 21, 26 (2d Cir. 2001) (holding that innocent victims injured by criminals using handguns manufactured by defendants could not recover against defendants); Gaines-Tabb v. ICI Explosives, USA, 160 F.3d 613 (10th Cir. 1998) (holding that innocent victims of bombing could not recover against ammonium nitrate manufacturers whose product was used to create massive bomb that destroyed building, killed 168 and injured hundreds); McCarthy v. Olin Corp., 119 F.3d 148, 151 (2d Cir. 1997) (holding that innocent victims of vicious shooting spree with "Black Talon" hollowpoint bullets, designed to enhance injuries by bending upon impact into razor-sharp "talons" that stretch, cut and tear tissue and bone as it travels through victim, could not recover against gun or magazine manufacturer).

Plaintiff utterly fails to address the fact that no case supports his outlandish claim to shift responsibility for his criminal acts. Instead, plaintiff attempts to shift the Court's

focus to an irrelevant issue – foreseeability. Plaintiff argues that his criminal misuse was foreseeable to C&D. Not only is the issue of foreseeability irrelevant to whether he can recover, the cases also hold that criminal misuse is not foreseeable in the context of claims advanced by third party victims. See, e.g., 189 F.3d at 315 (holding that it is unfair to require the fertilizer manufacturer to anticipate criminal misuse); see also Robinson v. Boston Hous. Auth., 10 Mass. L. Rep. 427 (Mass. Super. Ct. Aug. 9, 1999) (holding that plaintiff's mother's boyfriend burning plaintiff by holding plaintiff against a scalding hot-water heater is not foreseeable hot water heater misuse); Dodson v. GMC, 1997 Miss. App. LEXIS 969 (Miss. Ct. App. Aug. 12, 1997) (holding that abducting and placing the plaintiff in automobile trunk is not a foreseeable automobile misuse). Further, plaintiff fails to address the Third Circuit's ruling in Port Authority that, as a matter of law, even if the fertilizer manufacturer had actual knowledge that terrorists used fertilizer to manufacture bombs, this knowledge **did not** establish objective foreseeability. 189 F.3d at 315.

Plaintiff's citation to cases interpreting the Mail Order Drug Paraphernalia Act (the "Act"), 21 U.S.C.S. §857 is equally misplaced. In Posters 'N' Things v. United States, 511 U.S. 513 (1994), the Supreme Court did not address whether (much less support the proposition that) actual knowledge of individual instances of criminal misuse constitutes objective foreseeability. Second, even though the Supreme Court did not expressly rule that a multiple-use item such as baking soda (a fact that plaintiff concedes) would not be covered by the Act, the Supreme Court expressly ruled that whether the Act applies to multiple-use items (such as scales, razor blades and mirrors) raises "serious" constitutional concerns. Id. at 526.

Given that no court has ever permitted a criminal to recover against a manufacturer for failure to warn of the criminal consequences of a crime where the criminal has used the manufacturer's product, C&D respectfully submits that this Court must grant its motion to dismiss plaintiff's complaint with prejudice.

## III. THE STATUTE OF LIMITATIONS IS NOT TOLLED

Plaintiff also fails to address the fact that his claims (on the fact of his own complaint) are barred by the statute of limitations. As set forth at length in defendant's moving brief, the statute of limitations bars plaintiff's claims, which accrued over nine years ago. Because plaintiff has no defense to the statute of limitations, plaintiff posits that C&D has somehow "fraudulent[ly] conceal[ed]" that its baking soda is used in making crack cocaine (while simultaneously arguing that the knowledge of the use of baking soda to manufacture crack cocaine has been pervasive for a lengthy period of time).

While C&D does not dispute the general legal proposition that fraudulent concealment may, under certain circumstances, toll the statute of limitations, plaintiff has utterly failed to plead any facts that might support any notion that C&D engaged in any fraudulent concealment whatsoever. Plaintiff admits that he was convicted of using baking soda with cocaine to manufacture crack cocaine in 1994. Ten years after plaintiff was convicted of the manufacture of crack cocaine, plaintiff cannot now be heard to complain that he did not have some knowledge until the past two years. Plaintiff's argument is completely devoid of merit. C&D respectfully submits that this Court must rule that the statute of limitations bars plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, Church & Dwight Co., Inc. respectfully requests that this Court dismiss with prejudice plaintiff's complaint against defendants Arm & Hammer and Church & Dwight Co., Inc.

MORGAN, LEWIS & BOCKIUS LLP
Attorneys for defendant
Church & Dwight Co., Inc.

Dated: October 20, 2004

By: /s/ Robert A. White