**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE ALLEN WARD, *Pro Se*,<br><br>Plaintiff,<br>v.<br><br>ARM & HAMMER and the<br>CHURCH & DWIGHT CO., INC.,<br><br>Defendant. | Civ. No. 03-6113 (SRC)<br><br>**O P I N I O N** |

**<u>CHESLER</u>**, <u>District Judge</u>

This matter comes before the court on Defendant Church & Dwight Co., Inc.'s Motion to Dismiss Plaintiff's complaint with prejudice. For the reasons set forth below, the Court will grant Defendant's motion and dismiss Plaintiff's complaint with prejudice.

**BACKGROUND:**

Plaintiff Ward is currently serving a 200 month sentence in the Petersburg Low Federal Institution in Virginia for the distribution of crack cocaine.

Plaintiff filed this civil action against Defendant Church & Dwight Co., Inc. ("Church & Dwight"), the manufacturer of Arm & Hammer ® baking soda. Plaintiff asserts that Church & Dwight should be held liable for failing to include a warning on the package regarding the consequences of criminally misusing baking soda with cocaine to manufacture crack cocaine.

Plaintiff contends that in addition to the five (5) warnings currently on boxes of Arm & Hammer ® baking soda, Church & Dwight should have included a warning to the effect that the

use of baking soda with illegal drugs is prohibited and punishable by law.[1] Plaintiff further contends,"I feel [that] if I was forewarned by this company that I'd never [have] used this product like I was charged with ...." (Pl. Complaint at 2).

**DISCUSSION:**

A. Motion to Dismiss Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

In the case of a pro se litigant, the court must "find that it is clear 'beyond doubt that the

[1] Plaintiff's suggested warnings are, "the use of this product with illegal drugs is punishable by law and is prohibited" and "the use of this product with illegal drugs is punishable by enhanced penalties by the laws of the United States of America." (Pl. Complaint at 3)

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)).

B. Duty to Warn of the Consequences of Criminal Misuse of Products

Nowhere in his complaint or response brief does Plaintiff assert that he was unaware that distribution of crack cocaine was unlawful or that ingestion of crack cocaine was harmful. Indeed, Plaintiff in his response brief implies that it is common knowledge that misuse of baking soda with cocaine may be harmful.[2] Furthermore, under New Jersey law, citizens are charged with knowledge of the law, including the criminal laws. See, e.g., State v. DeMeo, 20 N.J. 1, 9 (1955). It follows that Church & Dwight had no duty to warn Plaintiff of that which he knew, and that which the law already charged him with knowing.

Additionally, the law is clear that manufacturers have no duty to warn of the potential consequences for criminal misuse of their products. As the Third Circuit stated in Port Authority of New York and New Jersey v. Arcadian Corp., "manufacturers have no duty to prevent a criminal misuse of their products which is entirely foreign to the purpose for which the product was intended."[3] Plaintiff himself acknowledges and concedes that "baking soda is not a product that its *primary* designed, is *intended* for the production for illegal drug use or distribution." [sic]

---

[2] See, e.g., Pl. Response Br. at 14 ("Crack Cocaine is still the most crazy and dangerous street drug labeled by society today known to man."); Pl. Response Br. at 15 ("The word when it comes to baking soda is, yea he crazy he got Soda in him that means Cracked out! Thats the image, so the gesture that Baking Soda is a quote, benign product is '*Old Archaic*.'" [sic])

[3] 189 F.3d 305, 313 (3d Cir. 1999).

(Pl. Complaint at 2)(emphasis added). Plaintiff contends though, that "it can not be said that the use of this product to make Crack Cocaine is foreign anymore, this is well established knowledge that is a commercial product now for years." (Pl. Response Br. at 11). However, the court in Port Authority stated that "the manufacturer of a raw material or component part that is not itself dangerous has no legal duty to prevent a buyer from incorporating the material or part into another device that is or may be dangerous." 189 F.3d at 313.

To require Church & Dwight to warn customers of potential criminal consequences for the intentional misuse of baking soda would be analogous to requiring that all automobile manufacturers place warnings on their products to the effect that you may be subject to punishment if you use the cars for illegal drag-racing. Although the manufacturers in both instances may be aware of the products' potential for misuse, this itself does not give rise to a duty to warn of the criminal consequences of such unintended activities.

**CONCLUSION:**

Having taken into account the fact that Plaintiff is proceeding in this matter *pro se*, the Court is satisfied nonetheless that it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4] For the foregoing reasons, the

[4] In addition to Plaintiff's failure to state a claim, the complaint must be dismissed as untimely under the two-year statute of limitations for personal injury products liability claims. See, N.J.S.A. 2A: 14-2. Plaintiff pleads in his complaint that he was sentenced for distribution of crack cocaine on March 7, 1995. (Pl. Complaint at 1). This lawsuit was filed on or about December 18, 2003. It is of no avail that Plaintiff avers in his response brief that "it was just a year or so [ago] when it was revealed to the plaintiff that it is not the cocaine hydrochloride powder that was causing the harm and wrong the silent party that is responsible is Arm & Hammer Baking Soda Co." (Pl. Response Br. At 8). Under New Jersey law, "a cause of action accrues when an injured person discovers, or should have discovered by the exercise of

Court will grant Defendant's Motion to Dismiss Plaintiff's claim with prejudice.

s/
Stanley R. Chesler, U.S.D.J.

Dated: October 21st, 2004

---

reasonable diligence and intelligence, that he might have a basis for an actionable claim against another person. The statute of limitations begins to run once an individual has knowledge or should have knowledge that he has sustained an injury which is or may be attributable to the fault of another." Wade v. Armstrong World Industries, Inc., 746 F.Supp. 493, 499 (D.N.J. 1990)(internal citations omitted). Therefore, Plaintiff's actual time of discovery of his alleged basis for this action is immaterial, and the lawsuit was therefore time-barred.